# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 504 COURT STREET, SIOUX CITY WOODBURY COUNTY, IOWA, and 1107 5TH STREET, SIOUX CITY, WOODBURY COUNTY, IOWA,<br><br>    Defendants,<br><br>RYAN MATHISON and<br>MELISSA MATHISON,<br><br>    Interested Parties. | No. C06-4018-DEO<br><br>**ORDER ON MOTION TO COMPEL SALE OF REAL PROPERTY** |

On November 9, 2007, this matter came on for hearing on the motion of Ryan and Melissa Mathison seeking to compel the Government to sell the real property located at 504 Court Street, Sioux City, Iowa. Doc. No. 23 "Interested Party" Melissa Mathison and her sister-in-law, Deb Elgert, were present in court. Assistant U.S. Attorney Martin J. McLaughlin was present by phone, as was the Mathisons' attorney Chad Primmer.

Neither party was prepared to present any evidence at the hearing. After discussing the matter with counsel, the court ordered the parties to file briefs and affidavits on their respective positions. On November 17, 2007, the Mathisons filed a brief supporting their motion. Doc. No. 30. On November 29, 2007, the Government filed its response. Doc. No. 31. Neither party presented the court with affidavits or any other evidence.

This is a civil forfeiture action arising out of a criminal case against Ryan Mathison, one of the "Interested Parties," and several other defendants. *See United States v.*

*Mathison*, Case No. CR06-4030 (N.D. Iowa). (Interested Party Melissa Mathison was not a defendant in the criminal case.) Toward the conclusion of the trial in the criminal case, Ryan Mathison agreed to forfeit certain property to the Government, including the property located at 504 Court Street. On or about June 6, 2006, the Government personally served the Mathisons with a copy of a Notice of Forfeiture and a copy of the Verified Complaint for Forfeiture *in rem* filed in this action. On April 3, 2007, Pioneer Bank ("Bank") filed a "statement of interest," claiming a mortgage lien on 504 Court Street. Doc. No. 17. In its statement, the Bank claimed that as of November 27, 2006, the balance due the Bank on the mortgage was $121,698.80, with interest accruing at the rate of $29.9923 per day.

On June 27, 2007, Judge Donald E. O'Brien entered a decree of forfeiture, forfeiting the property to the United States, and ordering the United States Marshal to dispose of the property, "after deduction of all costs and expenses, including payment of the lien of Pioneer Bank." Doc. No. 21. The Marshal retained a private contractor to prepare 504 Court Street for sale and to sell the property. After some delays, the property was listed and, according to the Government, now has been sold. Closing on the sale is expected to take place on December 21, 2007. On that date, the balance of principle and interest due to the Bank will be $133,425.79.

The Mathisons filed the motion presently before the court in an attempt to protect the interest of Melissa Mathison in a property unrelated to this forfeiture action; i.e., 218 Prescott Street, Sioux City, Iowa. The 218 Prescott Street property was inherited by Melissa Mathison from her family, and is her sole property. According to the Mathisons, it has an approximate value of $55,000 to $70,000. The Bank's mortgage on 504 Court Street also is secured by the 218 Prescott Street property.

When the Government commenced this forfeiture proceeding against the 504 Court Street property, the Mathisons stopped making payments on the mortgage, evidently

assuming the Marshal would pay off the Bank's mortgage from the proceeds of the sale of the property. In the meantime, the Bank filed a foreclosure action against the 218 Prescott Street property. In that action, the Bank's mortgage has been foreclosed, and the Bank is in the process of selling the property.

The Mathisons argue that if the Government had proceeded swiftly to forfeit and sell the 504 Court Street property, the Marshal would have paid the Bank from the proceeds of the sale, and the Bank would have not foreclosed the mortgage against the 218 Prescott Street property. They argue further that the Government, by delaying the sale of the 504 Court Street property, will gain a windfall. This is because the balance on the Bank's mortgage against 504 Court Street, which the Government is required to pay under Judge O'Brien's forfeiture decree, will be reduced by the proceeds of the Bank's sale of the 218 Prescott Street property. The Mathisons argue the Government is attempting, in effect, to transfer Melissa Mathison's equity in 218 Prescott Street to the property forfeited to the Government. They claim this would be inequitable.

The Mathisons filed the pending motion asking the court to enter an order compelling the Government to sell the 504 Court Street property. Alternatively, they ask the court to "order that any amount applied to the Pioneer Bank loan from sale of the Prescott Property be refunded to Melissa Mathison upon sale of the Court Street property to prevent an inequitable windfall to the government." Doc. No. 23, p. 2.

The Mathisons cite no authority authorizing the court to order the Government to sell the Court Street property. In any event, the request for such an order appears to be moot because, at least according to the Government, the property has been sold. Accordingly, this request is denied.

The Mathisons alternatively ask the court to order the Government to refund to Melissa Mathison whatever the amount the Bank applies to the mortgage from the sale of the Prescott Street property. They argue that "[a]lthough Congress intended forfeiture to

be a powerful weapon in the war on drugs, they did not intend for innocent owners to lose their property." Doc. No. 30, p. 2. In support of this assertion, they cite 21 U.S.C. § 881(a)(6) and (7), from which they quote, "to the extent that innocent owners have an ownership interest in the property, their interest is non-forfeitable." This language comes from an older version of the stature. When Congress enacted the Civil Asset Forfeiture Reform Act of 2000, (the "Act"), codified at 18 U.S.C. § 983, the quoted language was deleted from subsections 881(a)(4), (6), and (7).

Title 18 U.S.C. § 983(a)(4) provides, "In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property. . . ." This is what the Mathisons have done here. They further claim that, as "innocent owners," they are entitled to relief from the forfeiture of 504 Court Street. An "innocent owner" has the burden of proving his/her claim by a preponderance of the evidence. 18 U.S.C. § 983(d)(1).

Under the subsection (d)(2)(A) of the Act, the term "innocent owner" means an owner who "(i) did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." Under subsection (d)(6)(A), the term "owner" means "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest," but does not include "(i) a person with only a general unsecured interest in, or claim against, the property or estate of another; (ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or (iii) a nominee who exercises no dominion or control over the property." Under 18 U.S.C. § 983(d)(1), "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."

4

On this record, there is no evidence that Melissa Mathison is anything other than "innocent," although the same cannot be said of Ryan Mathison. However, it also is clear that Melissa Mathison is not an "owner" of the 504 Court Street property. Instead, she owned a different property, 218 Prescott Street, which she pledged as additional collateral for a bank loan Ryan Mathison took out against the 504 Court Street property. By agreeing to provide this additional collateral to the Bank, Melissa Mathison did not become an owner of 504 Court Street. There certainly is no evidence to show she ever has held a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest in 504 Court Street, as would be required to show ownership under 18 U.S.C. § 983(d)(6)(A). Therefore, Melissa Mathison cannot be an "innocent owner" for purposes of the Act.

On the other hand, under 18 U.S.C. § 983(g)(1), a claimant under section 881(a)(4) "may petition the court to determine whether the forfeiture was constitutionally excessive." Subsection (a)(4) applies to "claimants," not just to owners. The court will treat the Mathisons' motion as a petition pursuant to this subsection, and in so doing, finds they may be entitled to relief. However, the motion on this ground is premature.

If the Bank sells the 218 Prescott Street property and pays down the mortgage on the property before the Government receives the proceeds from the Marshal's sale of the 504 Court Street property, and if the Government receives more from the sale of the 504 Court Street property than it would have received if it had sold the property before the Bank paid down the mortgage from the sale of the 218 Prescott Street property, then the court would be in a position to consider whether the forfeiture of the 504 Court Street property was constitutionally and/or equitably excessive. On the present record, however, the motion is premature, and this claim is denied, without prejudice to reassertion, if appropriate, at a later time.

The Mathisons also assert a claim against the Government under contract law. Doc. No. 30, pp. 6-7. Treating this argument charitably, it simply makes no sense. This claim also is denied.

Therefore, the motion (Doc. No. 23) is **denied**, without prejudice to its reassertion at a later time as discussed above.

**IT IS SO ORDERED.**

**DATED** this 13th day of December, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT